UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANDREW WALKER and )
DEANDRE WATSON, )
                                          )
    Plaintiff(s), )
                                          )
vs. ) Case No. 4:05CV782 JCH
                                          )
LOWE'S HOME CENTERS, INC.[1], )
                                          )
    Defendant(s). )

**MEMORANDUM AND ORDER**

This matter is before the Court on Lowe's Home Centers, Inc.'s ("Lowe's" or "Defendant") Motion for Summary Judgment, filed August 15, 2006. (Doc. No. 37). Plaintiff has not responded to the motion.

**BACKGROUND**

By way of background, at all times relevant to this case Plaintiff DeAndre Watson, an African-American male, was an employee of Nasco Services ("Nasco"). (Defendant's Statement of Uncontroverted Facts ("Defendant's Facts"), ¶¶ 1, 2, citing Watson Dep., PP. 26, 63, 122, 145).[2] As a contractor with Lowe's, Nasco sent employees to assemble barbecue grills, bicycles, pool tables, furniture, couches and tables, that were then sold by Lowe's. (Defendant's Facts, ¶ 4, citing Watson

---

[1] In his Complaint, Plaintiff lists the Defendant's name as "Lowe's Home Improvement Warehouse." (Doc. No. 3). According to Defendant, however, the correct corporate entity name of Defendant in this case is Lowe's Home Centers, Inc. (Lowe's Motion for Summary Judgment, P. 1 n. 1).

[2] In light of Plaintiff's failure to respond, Defendant's uncontroverted facts are deemed admitted for purposes of this summary judgment motion. See Local Rule 7-4.01(E).

Dep., P. 48). Nasco employees wore uniform shirts while on the job, which identified them as Nasco employees. (Id., ¶ 5, citing Watson Dep., P. 60).

Nasco provided a two-week training period for new employees. (Defendant's Facts, ¶ 6, citing Watson Dep., P. 51). Plaintiff received his training at the St. Charles, Missouri, Lowe's store, in May, 2005. (Id., ¶ 7, citing Watson Dep., PP. 58, 121-122; Defendant's Exh. 16). The work area for Plaintiff and the other Nasco employees at Lowe's St. Charles location was behind the shopping area, and accessed from the Garden Center. (Id., ¶ 8, citing Watson Dep., P. 109; Defendant's Exh. 12).

In most Lowe's stores, employees are instructed to use the main customer entrances and exits central to the front of the store. (Defendant's Facts, ¶ 9, citing Watson Dep., PP. 118-120; Defendant's Exh. 18). Plaintiff had notice of this employee policy, because he was shown the Lowe's Employee Manual during the time he was training with Nasco at the St. Charles Lowe's store. (Id., ¶ 10, citing Watson Dep., PP. 59-60, 119).

According to Plaintiff, during his training at the St. Charles Lowe's store, he entered and exited the store three or four times each day. (Defendant's Facts, ¶ 11, citing Watson Dep., P. 66). At times, Plaintiff attempted to exit the Lowe's store by way of the Lowe's Garden Center. (Id., ¶ 12, citing Watson Dep., P. 66). On several of those occasions, Plaintiff allegedly was instructed by an unidentified female Lowe's employee to use one of the main store entrances. (Id., ¶ 13, citing Watson Dep., PP. 80, 83, 108-112, 117, 159; Defendant's Exh. 12). The unidentified Lowe's employee never indicated that she was directing Plaintiff to the main store exit because of his race, however, nor did she physically injure Plaintiff in any way. (Id., ¶¶ 14, 18, citing Watson Dep., PP. 82, 114-115, 136). Furthermore, Plaintiff's employment with Nasco was not affected by the alleged

incidents, and he continued to work for Nasco for the next two months.  (Id., ¶ 17, citing Watson Dep., P. 102; Defendant's Exh. 16).

Plaintiff filed his civil rights Complaint in this matter on May 16, 2005.  (Doc. No. 3).[3] Plaintiff's claim states in its entirety as follows:

> On or about May 12 and 13th 2005, defendant repeatedly harassed Plaintiff[] and the defendant committed racial discrimination by repeatedly refusing Plaintiff[] to enter or exit the department Lowe's store while other nonminorities entered and exited through the store several times a day without being stopped or harassed from the Lowe's store.  Also Plaintiff[] seeks exemplary damages for the oppression the Plaintiff[] suffered from the defendant and actual damages for the amount of $10,000,000.00 dollars.

(Doc. No. 3, P. 3).  As stated above, Lowe's filed the instant Motion for Summary Judgment on August 15, 2006, alleging there are no material facts in dispute, and Lowe's is entitled to judgment as a matter of law on Plaintiff's claims.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).  The substantive law determines which facts are critical and which are irrelevant.  Only disputes over facts that might affect the outcome will properly preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

---

[3] Plaintiff originally filed his Complaint together with a second plaintiff, Mr. Andrew Walker. In an Order entered July 19, 2006, however, the Court dismissed Mr. Walker's claims against Lowe's with prejudice.  (Doc. No. 35).

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

As the Court construes Plaintiff's Complaint, Plaintiff alleges unlawful discrimination on the basis of race, in violation of 42 U.S.C. § 1981. (Doc. No. 3). Specifically, Plaintiff alleges he was subject to disparate treatment due to his race, in that he was treated more harshly than other non-African-American employees. (Id., P. 3).

Because he lacks direct evidence of discrimination, Plaintiff's § 1981 claim is analyzed under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Roxas v. Presentation College, 90 F.3d 310, 315 (8th Cir. 1996). Under this framework, Plaintiff has the initial burden of establishing a prima facie case of discrimination. Harris v. Hays, 452 F.3d 714, 717 (8th Cir. 2006). Once Plaintiff has established a prima facie case of discrimination, the burden shifts to Defendant to show a legitimate, nondiscriminatory reason for the challenged action. Id. at 718. If Defendant articulates such a reason, the burden of production shifts back to Plaintiff, to establish the proffered reason is a mere pretext for discriminatory animus. Id. (citation omitted)

In order to establish a prima facie case under § 1981, Plaintiff must show: "(1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004) (citation omitted). "One way for the [Plaintiff] to establish the second element, the defendant's intent to discriminate, is to show that he was treated differently from similarly situated nonmembers of the protected class." Holman v. Coca-Cola Enterprises, Inc., 2006 WL 2460795 at *3 (E.D. Mo. Aug. 23, 2006) (citations omitted).

Upon consideration, the Court finds Plaintiff has failed to establish a prima facie case of race discrimination under § 1981. Specifically, Plaintiff presents no evidence tending to demonstrate Defendant's alleged actions were motivated by discriminatory animus. See Holman, 2006 WL 2460795 at *3. Furthermore, Plaintiff offers absolutely no evidence that similarly-situated employees outside his protected class were permitted to exit the Lowe's store through the Garden Center. Id. at * 4. Finally, with respect to the third element of his prima facie case, as stated above Plaintiff testified that his employment with Nasco was not affected in any way by the alleged incidents. (See Defendant's Facts, ¶ 17, citing Watson Dep., P. 102). Plaintiff thus fails to set forth a prima facie case of race discrimination under § 1981, and so Defendant's Motion for Summary Judgment must be granted.[4]

## CONCLUSION

Accordingly,

---

[4] As further support for its ruling, the Court finds it unlikely Lowe's could be held liable under § 1981 in any event, for the allegedly discriminatory actions of an unidentified employee under a theory of respondeat superior. See Daniels, 373 F.3d at 888 n. 4 (citations omitted).

**IT IS HEREBY ORDERED** that Lowe's Home Centers, Inc.'s Motion for Summary Judgment (Doc. No. 37) is **GRANTED**, and Plaintiff DeAndre Watson's claims are **DISMISSED** with prejudice. An appropriate Judgment will accompany this Memorandum and Order.

Dated this <u>12th</u> day of October, 2006.

                                                        /s/ Jean C. Hamilton
                                                        UNITED STATES DISTRICT JUDGE